UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 09-169-KSF

KERRIE LYNN KEITZ                                                                                    PLAINTIFF

v.                                                **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                    DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Kerrie Lynn Keitz, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for Supplemental Security Income based on disability ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and decided by the proper legal standards.

**I.     OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential evaluation process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)     If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous

    period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)  If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5)  Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. § 404.1520(f).

  The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court

must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

**II.     THE ADMINISTRATIVE DECISION**

Keitz filed an application on June 14, 2006, alleging an onset date of December 30, 2003, which was denied initially and on reconsideration. A hearing was held and, in a written opinion issued January 14, 2009, the ALJ denied Keitz's claim for disability benefits. The ALJ's decision became final when the Appeals Council denied Keitz's request for review on September 8, 2009. Keitz has exhausted her administrative remedies and filed a timely action with this Court. The case is now ripe for review under 42 U.S.C. § 405(g).

At the time of the ALJ's decision, Keitz was 28 years old with a high school education. She has past relevant work experience as an assembler/hand packer. Keitz alleges disability due to Crohn's disease, depression and anxiety.

The ALJ began his analysis at Step One by determining that Keitz has not engaged in substantial gainful activity since her alleged onset date. At Step Two, the ALJ found that Keitz suffered from Crohn's disease, status post bowel resection surgeries in 1995 and 2006, dysthymic disorder, post traumatic stress disorder ("PTSD") with social phobia features and mild hepatic dysfunction.

Continuing to Step Three, the ALJ determined that these impairments or combination of these impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments. He further found that Keitz retained the residual functional capacity ("RFC") to perform light and sedentary work but could only stand/walk for two hours in an eight-hour day and sit for six hours in an eight-hour day, she could occasionally climb ramps and stairs but could not climb ropes, ladders or scaffolds or tolerate exposure to whole body vibration, temperature

3

extremes or industrial hazards. The ALJ also determined that Keitz required entry-level work involving simple, repetitive procedures with no frequent changes in work routines and no requirement for detailed or complex problem solving, independent planning or goal setting. Additionally, Keitz is to have only occasional interaction with co-workers, supervisors or the general public and should work in an object-oriented environment. In making the RFC determination, the ALJ noted that because a claimant's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, he must consider the factors set out in 20 CFR 404.152(c) and 416.92(c). After discussing these factors, the ALJ found that Keitz's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible to the extent that they are inconsistent with the RFC finding.

With regard to Keitz's mental impairments, the ALJ determined that her mental impairments are not severe enough to meet or equal listings 12.04 or 12.06 because they result in no more than mild restrictions of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation (each of extended duration). The ALJ noted that Keitz had not required mental health treatment by a psychiatrist.

At Step Four, the ALJ found that Keitz was unable to perform her past relevant work. At Step Five, the final step, relying on testimony of the Vocational Expert ("VE"), and taking into consideration Ketiz's age, educational background, prior work experience and residual functional capacity ("RFC"), the ALJ found that Keitz was capable of making a successful adjustment to work existing in significant numbers in the national economy and on this basis denied her claim for SSI. Specifically, the VE testified that Keitz could work as a bench assembler, production laborer or

surveillance monitor.

## III. ANALYSIS

On appeal, Keitz argues that the ALJ's decision was not based on substantial evidence. She argues that the ALJ erred in making the RFC finding, in not finding her entirely credible and in finding that she did not meet a Listed Impairment. Keitz also argues that the VE's hypothetical was incorrect. Since there is substantial evidence to support the ALJ's decision that Keitz is not disabled, the Court will grant summary judgment in favor of the Commissioner.

Keitz argues that the ALJ erred by not including more physical and mental limitations in the RFC. The Court finds that the ALJ's RFC determination was supported by substantial evidence. No treating physician limited Keitz's physical activity and she did not show that her physical and mental impairments caused more restrictive limitations than the ALJ found. Keitz's Crohn's disease is well-controlled. As the ALJ noted, she did not receive treatment until June 2006 even though she claims disability as of December 2003. By August 2006, the doctors said that her condition had improved and closed the ileostomy. (TR 523, 530-31). The treatment since that date has been conservative and the records of her family practitioner, Dr. Michael Dragan, show that it is well-managed. (TR 236-43). Dr. Dragan's records indicate that Keitz reported that her medications were helping and she experienced no flare-ups. This supports the ALJ's conclusion that Keitz was not disabled.

Further, substantial evidence supports the ALJ's decision regarding her mental condition. Dr. Dragan is a family practice physician so his statements regarding her mental condition are not entitled to the great weight given to a specialist. Even so, Dr. Dragan's notes show that her mental condition was well-controlled with medication.

Keitz claims that the ALJ "ignored" the conclusions of Dr. Terry Caudill, the consultative

examining physician but the Court finds that the ALJ did not overlook any of Dr. Caudill's opinions as Keitz claims. Since Dr. Caudill is a consultative examiner and not a treating physician, the ALJ is not required to give controlling weight to Dr. Caudill's opinion; however, the ALJ's RFC assessment accommodates most of the limitations that Dr. Caudill suggested and it is not clear which findings that the ALJ supposedly overlooked. The only areas where Dr. Caudill said Keitz was "moderately to markedly impaired" were with social functioning/interacting with others and handling stress, but the record does not support a finding of marked limitations in these areas because Keitz attends church, visits her mother-in-law and keeps appointments with Dr. Dragan.

Keitz also argues that the ALJ erred in finding that her allegations regarding the severity of her symptoms were not entirely credible because the ALJ misconstrued her testimony regarding her activities of daily living. The Court finds that the ALJ's determination that Keitz is not entirely credible is supported by substantial evidence and the ALJ properly evaluated the record, including Keitz's testimony. Keitz takes care of her 3½ year old son, attends church each Sunday and keeps her appointments with Dr. Dragan. These facts support the ALJ's determination that her activities of daily living are not entirely consistent with her allegations that she is unable to work. Further, as the ALJ noted, Keitz's alleged inability to work is inconsistent with the opinions of the Kentucky Disability Determination Services.

Regarding her mental impairments, as the ALJ noted, the medical record does not show that Keitz meets a listed impairment. Keitz does not fully explain how she believes the ALJ erred here but it is irrelevant because the Court finds that the ALJ's conclusions were supported by substantial evidence. The ALJ carefully set forth the reasons for each finding in his opinion and the Court sees no error.

Finally, the ALJ's reliance on the VE's testimony was proper because the hypothetical posed

to the VE accurately listed Keitz's limitations. The hypothetical was consistent with the ALJ's RFC finding which was supported by substantial evidence. Thus, the ALJ's reliance on the VE's testimony was proper.

### III. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #10] is **DENIED**;

(2) the Commissioner's motion for summary judgment [DE # 12] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4) a judgment will be entered contemporaneously with this Opinion and Order.

This July 14, 2010.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge